**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**FRANCENE WILLIAMS,**

              **Plaintiff,**               **CIVIL ACTION NO. 13-CV-12316**

      **vs.**

                                   **DISTRICT JUDGE TERRENCE G. BERG**

**JASON MICHAEL KATZ, P.C.,**       **MAGISTRATE JUDGE MONA K. MAJZOUB**
**and CREDIT ACCEPTANCE CORP.,**

              **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:**  The undersigned recommends that Plaintiff's motion for temporary restraining order and preliminary injunction (docket no. 2), Plaintiff's motion for preliminary injunction and permanent injunction (docket no. 19), and Plaintiff's motion for reparative injunction (docket no. 20) should be **DENIED**.

        The undersigned further recommends that Defendant Jason Michael Katz, P.C.'s motion to dismiss (docket no. 11) and Defendant Credit Acceptance Corporation's motion to dismiss (docket no. 15) should be **GRANTED** and Plaintiff's complaint be dismissed.

        In light of the above recommendation, Plaintiff's motion to strike (docket no. 18) should be **DENIED AS MOOT** without prejudice to the motion being reconsidered should the above recommendations not be adopted.

**II.**    **REPORT**:

        This matter is before the Court on several motions.  The first motion is Plaintiff's motion for

a temporary restraining order and preliminary injunction.  (Docket no. 2).  Defendants filed responses to the motion.  (Docket nos. 11, 14).  Plaintiff also filed a motion for preliminary injunction and permanent injunction (docket no. 19) and a motion for reparative injunction (docket no. 20).  Defendants filed responses to these motions.  (Docket nos. 24, 25).  In addition, Defendant Jason Michael Katz, P.C. (The "JMK Firm") filed a motion to dismiss.  (Docket no. 11).  Plaintiff filed a response and Defendant JMK Firm filed a reply.  (Docket nos. 17, 23).  Defendant Credit Acceptance Corporation ("Credit Acceptance") also filed a motion to dismiss, to which Plaintiff has filed a response and Defendant Credit Acceptance has filed a reply.  (Docket nos. 15, 17, 22).  All pretrial matters have been referred to the undersigned for action.  (Docket no. 5).  The motions being adequately briefed, the Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f).  The Court is now ready to rule on the motions pursuant to 28 U.S.C. § 636(b)(1)(B).

A.     **Facts**

Plaintiff Francene Williams brought this *pro se* civil rights action against Defendants Jason Michael Katz, P.C. and Credit Acceptance Corporation pursuant to 42 U.S.C. § 1983 alleging violations of the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution. (Docket nos. 1, 4).  Plaintiff alleges that Defendants sent a writ of garnishment to her employer on May 17, 2013 to collect on an outstanding automobile loan obligation.  She claims that the automobile loan was obtained in 1996 by her husband, not by her, and she has no obligation to repay the loan.  Plaintiff further alleges that the statute of limitations with respect to the collection of the automobile loan has passed.

Plaintiff sues Defendants for violations of her Eighth Amendment right to be free from cruel and unusual punishment on the ground that Defendants caused her to "pay a Bond or Bail by

collection of [her] wages." She also claims that Defendants violated her Fourteenth Amendment right to due process by sending a writ of garnishment to her employer without notifying her first or serving her with documents. Plaintiff seeks monetary damages along with a declaratory judgment that the writ of garnishment violates her Fourteenth Amendment right to due process and her Fourth Amendment right against unlawful seizure.

Plaintiff has filed a motion for temporary restraining order and preliminary injunction (docket no. 2), a motion for preliminary injunction and permanent injunction (docket no. 19), and a motion for reparative injunction (docket no. 20). Defendants oppose the motions and have filed separate motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and (b)(6). (Docket nos. 11, 15).

## B.    Governing Law

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) may either attack the claim of jurisdiction on its face or it can attack the factual basis of jurisdiction." *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005). When a defendant challenges subject matter jurisdiction on a factual basis, the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). "In reviewing a 12(b)(1) motion, the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction...." *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003) (citation omitted).

When determining a motion under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and determine whether the plaintiff's allegations present plausible claims. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007). To survive a

3

Rule 12(b)(6) motion to dismiss "the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citation and internal quotation marks omitted). Although the court is obligated to take all factual allegations in the complaint as true, it is not bound to accept as true legal conclusions that are masquerading as factual allegations. *Id.*

Rule 65, Fed.R.Civ.P., authorizes the issuance of preliminary injunctions and temporary restraining orders. The Court may issue a temporary restraining order to preserve the status quo until it has had an opportunity to determine whether a preliminary injunction should issue. *See First Tech. Safety Sys, Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993).

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citation omitted). In deciding a motion for a preliminary injunction, the court should consider whether: (1) the movant has shown a strong or substantial likelihood of success on the merits; (2) the movant will suffer irreparable injury without the injunction; (3) the preliminary injunction will cause substantial harm to others; and (4) the public interest will be served if the injunction issues. *Id.* (citation omitted). While these factors are to be balanced, the failure to show a likelihood of success on the merits is generally fatal. *Id. See also Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000). The proof required for a plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a motion for summary judgment. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).

"To constitute irreparable harm, an injury must be certain, great, and actual;" mere

4e88

possibility of irreparable harm or a speculative injury does not warrant injunctive relief. *Lucero v. Detr. Pub. Sch.*, 160 F.Supp.2d 767, 801 (E.D. Mich. 2001) (citation omitted).

**C.     Analysis**

*1.     Defendants' Motions to Dismiss*

Defendant JMK Firm and Defendant Credit Acceptance argue that they are entitled to dismissal of Plaintiff's complaint because the Court lacks subject-matter jurisdiction under the *Rooker-Feldman* doctrine and because the complaint fails to state a claim upon which relief may be granted.  In support of dismissal, Defendant JMK Firm submitted documents showing that Plaintiff and her husband entered into a Retail Installment Sales Contract ("RISC") with Consumer Auto Sales on September 6, 1996 related to the purchase and financing of a used automobile.  (Docket no. 11, ex. 1).  The RISC shows that Plaintiff and her husband financed $10,768.10 for the purchase of the car.  Plaintiff's signature is located in two places on the RISC.  The RISC was assigned to Defendant Credit Acceptance and Plaintiff and her husband were directed to make all payments to Defendant Credit Acceptance.

On August 16, 1999, Defendant Credit Acceptance filed suit in the 36th District Court after Plaintiff and her husband defaulted on the RISC.  Plaintiff was named as a defendant in the lawsuit and she was personally served with a copy of the summons and complaint.  (Docket no. 11, exs. 2, 3).  On October 29, 1999, after Plaintiff failed to appear and defend the lawsuit,  the 36th District Court entered a nonappearance default judgment against Plaintiff in the amount of $13,311.29. (Docket no. 11, exs. 4-6).  The Certificate of Mailing shows that the Default Judgment was mailed to Plaintiff's home address.

Ten years later, on or around October 9, 2009, Defendant JMK Firm, as counsel for

5

Defendant Credit Acceptance, filed a motion for a renewed judgment in the 36th District Court. Plaintiff failed to appear for the motion hearing.  (Docket no. 17, Register of Actions at p. 3).  The court renewed Defendant Credit Acceptance's judgment on January 27, 2010 for an additional ten years pursuant to Mich. Comp. Laws § 600.5809(3).[1]  (Docket no. 11, ex. 7).  The renewed judgment is in the amount of $15,124.72.

Subsequently, Defendant JMK Firm on behalf of Defendant Credit Acceptance issued a writ of garnishment directed to Plaintiff's employer.  (Docket no. 11, ex. 8).  Plaintiff filed an objection to garnishment and a hearing was scheduled in the 36th District Court on June 19, 2013.  (Docket no. 11, ex. 8).  Plaintiff also filed a motion to set aside the default judgment entered in October 1999 and the renewed judgment of January 27, 2010.  (Docket no. 11, ex. 9).  She alleged in the motion that she was not served with a copy of the complaint or default judgment and she did not co-sign for the purchase of the automobile.  (Docket no. 11, ex. 9).  The 36th District Court denied both matters following a hearing.  The court ordered the garnishee to immediately release all withheld funds to Credit Acceptance and continue withholding and paying funds as ordered.  (Docket no. 17, Register of Actions at p. 4).  On May 24, 2013 Plaintiff filed this federal court complaint.

The *Rooker-Feldman* doctrine raises a jurisdictional bar that prohibits the federal district court from engaging in appellate review of state court judgments and of those claims inextricably intertwined with an issue raised in a state court proceeding.  *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516-17 (6th Cir. 2004).  A federal claim is inextricably intertwined with a state court judgment if

---

[1]Mich. Comp. Law § 600.5809(3) provides that the period of limitations is ten years for an action founded upon a judgment or court decree.  The statute provides that within the applicable limitations period, an action may be brought upon the judgment for a new judgment with an additional ten year limitation period.

the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. *Id.* at 517. "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceedings as, in substance, anything other than a prohibited appeal of the state-court judgment." *Pieper v. Am. Arbitration Ass'n, Inc.*, 336 F.3d 458, 460 (6th Cir. 2003) (citation and internal quotation marks omitted).

Here, the factual basis underlying Plaintiff's claims are identical to those raised by Plaintiff in the 36th District Court. The state court denied Plaintiff's objection to garnishment and her motion to set aside the default judgment and the renewed judgment. Thus, this Court lacks subject-matter jurisdiction to review Plaintiff's challenges to the writ of garnishment. Furthermore, even if this Court concluded that the *Rooker-Feldman* doctrine did not present a jurisdictional bar precluding review of this action, Plaintiff's complaint cannot survive Defendant's Rule 12(b)(6) motion to dismiss because she has not alleged facts to show that Defendants are state actors. *See Molnar v. Care House*, 574 F.Supp.2d 772, 782-85 (E.D. Mich. 2008), *aff'd*, 359 Fed. Appx. 623 (6th Cir. 2009) (discussing the tests to be considered in determining whether the actions of a private individual may be attributable to the state for purposes of section 1983 liability). Accordingly, the undersigned recommends that the motions to dismiss filed by Defendant JMK Firm (docket no. 11) and Credit Acceptance (docket no. 15) be granted and Plaintiff's complaint be dismissed.

*2.    Plaintiff's Motions for a Temporary Restraining Order, Preliminary and Permanent Injunction, and Reparative Injunction*

Plaintiff moves for an order enjoining Defendants from continuing to pursue collection of the debt and/or from relying upon any document presented in this case, including any court order obtained by Defendants. (Docket nos. 2, 19). She also moves for a "reparative injunction" awarding her present and future damages, including lost wages, that she may incur as a result of Defendants'

willful violation of the temporary restraining order.

Because the Court has not issued a temporary restraining order in this case, Plaintiff's motion for reparative injunction should be denied.  Furthermore, for the reasons stated above, Plaintiff has not demonstrated that her circumstances clearly demand issuance of a temporary restraining order or injunctive relief.  Specifically, Plaintiff has not shown a strong or substantial likelihood of success on the merits, that she will suffer irreparable injury without the restraining order or injunction, that an injunction will not cause substantial harm to others, including Defendants, or that the public interest will be served if an injunction issues.  The undersigned recommends that Plaintiff's motion for temporary restraining order and preliminary injunction (docket no. 2) and Plaintiff's motion for preliminary injunction and permanent injunction (docket no. 19) be denied.

## III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must

8

recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: September 16, 2013                    s/ Mona K. Majzoub_____
                                             MONA K. MAJZOUB
                                             UNITED STATES MAGISTRATE JUDGE


### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Francene Williams and Counsel of Record on this date.


Dated: September 16, 2013                    s/ Lisa C. Bartlett____
                                             Case Manager

9