UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANCENE WILLIAMS,

    Plaintiff,

  v.

JASON MICHAEL KATZ, PC, and
CREDIT ACCEPTANCE CORP.,

    Defendants.
_____/

Case No. 13-12316
HON. TERRENCE G. BERG
HON. MONA K. MAJZOUB

**ORDER ADOPTING REPORT AND RECOMMENDATION (Dkt. 28)**

Plaintiff Francene Williams has sued Defendants Jason Michael Katz, PC ("JMK Firm") and Credit Acceptance Corp. ("CAC") (collectively, "Defendants") under 42 U.S.C. § 1983, alleging that Defendants violated her constitutional rights. Specifically, Plaintiff asserts that Defendants violated Plaintiff's rights, as guaranteed by the Fourth, Eighth, and Fourteenth Amendments to the Constitution, by taking various actions to collect a debt from Plaintiff.

This matter is now before the Court on Magistrate Judge Mona K. Majzoub's Report and Recommendation of September 16, 2013 (Dkt. 28), recommending that Plaintiff's motion for temporary restraining order and preliminary injunction (Dkt. 2), Plaintiff's motion for preliminary injunction and permanent injunction (Dkt. 19), and Plaintiff's motion for reparative injunction (Dkt. 20) should be DENIED. Magistrate Judge Majzoub further recommended that Defendant JMK Firm's

motion to dismiss (Dkt. 11) and Defendant CAC's motion to dismiss (Dkt. 15) should be GRANTED and Plaintiff's Complaint be dismissed.

The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the Report and Recommendation. 28 U.S.C. § 636(b)(1), E.D. Mich. LR 72.1(d). Plaintiff filed timely objections to the Report and Recommendation (Dkt. 29); Defendants did not file any objections. However, the court ordered Defendants to respond to Plaintiff's objections, and such responses were timely filed—Defendant JMK Firm submitted its response on October 14, 2013 (Dkt. 31), and Defendant CAC submitted its response on October 15, 2013 (Dkt. 32).

A district court must conduct a de novo review of the parts of a Report and Recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

The Court has reviewed Magistrate Judge Majzoub's Report and Recommendation, Plaintiff's objections thereto, and the Defendants' responses. For the reasons set forth below, Plaintiff's objections are OVERRULED, and the Report and Recommendation is ACCEPTED and ADOPTED as the opinion of the Court. Consequently, the Complaint is DISMISSED WITH PREJUDICE.

I. ANALYSIS

A. **Plaintiff's First Objection –** *Rooker-Feldman* **Doctrine**[1]

Plaintiff Williams' first objection appears to dispute Magistrate Judge Majzoub's conclusion that the *Rooker-Feldman* doctrine prevents the Court from exercising subject matter jurisdiction over Plaintiff's claims.

This Court agrees with the Magistrate Judge's *Rooker-Feldman* analysis. As stated in the Report and Recommendation, the *Rooker-Feldman* doctrine is a jurisdictional prohibition against federal district court review of both state court judgments and of those claims inextricably intertwined with an issue raised in a state court proceeding. *See DLX, Inc. v. Kentucky*, 381 F.3d 511, 516-17 (6th Cir. 2004). A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. *Id.* at 517. "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceedings as, in substance, anything other than a prohibited appeal of the state-court judgment." *Pieper v. Am. Arbitration Ass'n, Inc.*, 336 F.3d 458, 460 (6th Cir. 2003) (citation and internal quotation marks omitted).

Over ten years ago, Defendant CAC obtained a default judgment against Plaintiff in Michigan's 36th District Court. In 2009, prior to the expiration of that judgment, Defendant JMK Firm, as counsel for CAC, renewed the judgment for an additional ten years pursuant to MCL § 600.5809(3). The JMK Firm then issued a

---

[1] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

3

writ of garnishment directed to Plaintiff's employer. Plaintiff objected to the garnishment and a hearing was scheduled in the 36th District Court for June 19, 2013. (*See* Dkt. 11, Ex. 8). At that hearing, the court denied Plaintiff's objection and ordered the garnishee to "immediately release all withheld funds to the plaintiff" and "continue withholding and payment of funds as previously ordered by the court." (Dkt. 17, Register of Actions, *Credit Acceptance Corporation v. Francene Williams*, No. 99-121163). The court also denied Plaintiff's motion to set aside the default judgment. *Id*.

To challenge the validity of the state district court's rulings, Plaintiff should have appealed to a higher *state* court. Instead, Plaintiff filed this federal action requesting relief that, if granted, would necessarily reverse the judgment of the state district court. Consequently, this Court is barred by the *Rooker-Feldman* doctrine from exercising subject matter jurisdiction and will take no action on the merits of Plaintiff's impermissible attempt at appeal.

**B.   Plaintiff's Second Objection – Absence of State Action**

Plaintiff's second objection questions Magistrate Judge Majzoub's alternate ground for dismissal, i.e. the failure to allege facts sufficient to show that Defendants were acting on behalf of the state. Because the Court has already concluded that it lacks subject matter jurisdiction, even a valid objection to non-jurisdictional grounds for dismissal would be unavailing. Nonetheless, in considering Plaintiff's objection to Magistrate Judge Majzoub's alternate ground for

4

dismissal, the Court concludes that the reasoning of Magistrate Judge Majzoub on the question of state action was correct.

On this issue, Plaintiff's objection is that it does not matter whether the Defendants were state actors because the Defendants had acted fraudulently; alternatively, Plaintiff suggests that Defendants became state actors because the "state court was negligent or unwilling to carry out its responsibility of verifying that documents were genuine." (Dkt. 29).

Under controlling §1983 jurisprudence, it *does* matter whether the Defendants actions were taken under color of state law:

> Section 1983's purpose is to guard against the "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law...." *Monroe v. Pape,* 365 U.S. 167, 184, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) (quoting *United States v. Classic,* 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941)). Two elements are necessary to state a cause of action under 42 U.S.C. § 1983. The plaintiff must plead and prove (1) that some person has deprived him of a federal right, and (2) that the person has done so under color of state law. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L. Ed. 2d 142 (1970)

*Molnar v. Care House*, 574 F. Supp. 2d 772, 782-85 (E.D. Mich. 2008), *aff'd,* 359 Fed. App'x 623 (6th Cir. 2009).

Moreover, Plaintiff's theory that Defendants "became state actors" by way of the state court's alleged negligence is without merit. Although Plaintiff cites to *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922 (1982), that case authorized a plaintiff's § 1983 claim to proceed only to the extent that the plaintiff was challenging the constitutionality of the state's attachment statute. Further, the holding was limited to the prejudgment attachment context. Here, there was no

prejudgment attachment. Likewise, Plaintiff is not challenging the constitutionality of any law, but rather seems to be arguing that Defendants misused or abused state law, a claim that *Lugar* specifically found to not constitute state action. *Lugar*, 457 U.S. at 942 ("Petitioner did present a valid cause of action under § 1983 insofar as he challenged the constitutionality of the Virginia statute; he did not insofar as he alleged only misuse or abuse of the statute"); *see also Hill v. Langer*, 86 F. App'x 163 (6th Cir. 2004) (declining to extend *Lugar* beyond the narrow context of prejudgment attachment).

Because the complaint fails to allege that Defendants actions were "fairly attributable to the state," Plaintiff's claim for liability under § 1983 fails to set forth a claim upon which relief could be granted. Even if the Court could exercise subject matter jurisdiction, Plaintiff's complaint would not withstand Defendants' motions to dismiss.

## II. CONCLUSION

For the reasons set forth above, Magistrate Judge Majzoub's Report and Recommendation of September 16, 2013 (Dkt. 28) is hereby **ACCEPTED** and **ADOPTED**.

Accordingly, Plaintiff's motion for temporary restraining order and preliminary injunction (Dkt. 2), Plaintiff's motion for preliminary injunction and permanent injunction (Dkt. 19), and Plaintiff's motion for reparative injunction (Dkt. 20) are all **DENIED**.

Further, Defendant JMK Firm's motion to dismiss (Dkt. 11) and Defendant CAC's motion to dismiss (Dkt. 15) are both **GRANTED**, and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.


Dated: October 29, 2013     s/Terrence G. Berg
                            TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on October 29, 2013, using the CM/ECF system; a copy of this Order was also mailed to Plaintiff at 3907 Van Dyke Street, Detroit, MI 48214.

                            s/A. Chubb
                            Case Manager